UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

      Plaintiff,

v.                                                  Case No. 11-CV-15266
                                                  Honorable Denise Page Hood
STATE FARM FIRE AND
CASUALTY COMPANY

      Defendant.

_____/

**ORDER DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter involves an insurance contract. Now before the Court is Defendant State Farm Fire and Casualty Company's Motion for Judgment on the Pleadings and/or for Summary Judgment, filed on December 22, 2011. The matter has been fully briefed and is now appropriate for review. For the reasons stated below, Defendant's Motion for Judgment on the Pleadings and/or for Summary Judgment is denied.

**II.    STATEMENT OF FACTS**

On July 8, 2008, Sam Thankachen executed a note and mortgage with Bank of America ("BOA") for the amount of $3,900,000.00 for a certain property in Bloomfield Township, Michigan. On June 21, 2008, Bill Burton appraised the home at $3,700,000.00. Mr. Thankachen insured the property with State Farm. BOA's mortgage interest was also insured.

On January 20, 2009, the property sustained extensive water damage due to the bursting of pipes. On February 27, 2009, State Farm issued and advanced payment toward the damages to

Sam Thankachen and BOA in the amount of $200,000.00.[1] On April 2, 2009, Mr. Thankachen filed a proof of loss, which was supplemented in May and July 2009.[2] Mr. Thankachen deposited the check into his own personal account without obtaining BOA's signature. On May 6, 2009, BOA contacted State Farm to inquire into the status of the claim and to request a copy of the advance check.

On January 11, 2010, State Farm denied the claim. The next day it sent BOA notice of denial and requested various records, including anything regarding "[t]he extent of the loss and damage sustained to the . . . premises . . . including any estimates of the cost necessary to repair the property." Dkt. No. 6. On March 24, 2011, BOA provided some documents.[3]

On January 11, 2011, State Farm issued a claim payment to BOA for $1,470,706.60 based on the estimate to repair the property made by a State Farm contractor. On February 23, 2011, BOA communicated by letter to State Farm that the parties did not agree on what was required to repair the property. BOA included a December 9, 2010 summary of estimated repair costs made by Ethan A. Gross, who based his estimate on an April 23, 2009 estimate by Charles L. Pugh, Inc.

**III. LAW & ANALYSIS**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. The manner of review under Rule 12(c) is the same as review of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). Fed. R. Civ. P. 12(c) requires the Court to "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual

---

[1] State Farm argues that this advance payment was to give BOA notice of the damages. BOA asserts that it has no notice of payment.
[2] Mr. Thankachen filed an action against State Farm before this same Court regarding this same matter in *Thankachen v. State Farm*, Case No. 09-13226. Judgment was entered on State Farm's behalf.
[3] State Farm argues that BOA did not provide any estimate or information regarding the extent of loss. BOA contends that it provided all necessary information.

allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337 (6th Cir. 2007). However, the Court will not accept as true the plaintiff's legal conclusions or unwarranted factual inferences. *Id.*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be granted if the movant shows there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The movant has the burden of showing that summary judgment is appropriate. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Further, the court must consider evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corporation v. Catrett*, 477 U.S. 317, 391 (1986). A material fact is genuine, and therefore the case is not appropriate for summary judgment, if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986).

When interpreting an insurance contract, Michigan courts first look to the parties' agreement to try to effectuate their intent. *Auto-Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566 (1992). "Any clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy." *Raska v. Farm Bureau Mut. Ins. Co.*, 412 Mich. 355, 361-362 (1982). Any ambiguity in the contract is construed against the insurer. *Heniser v. Frankenmuth Mut. Ins.*, 449 Mich. 155, 160 (1995). The Court must interpret an insurance policy by its plain meaning. *Id.* at 161.

The insurance policy states that State Farm will pay "the cost to repair or replace with

similar construction and for the same use of the premises . . . ." Dkt No. 6, Ex. 5, Sec. I.A1. The insurance policy further provides that "until actual repair or replacement is completed, [State Farm] will pay only the actual cash value at the time of loss . . . not to exceed the cost to repair or replace . . . ." *Id.* When repair or replacement is made, State Farm agreed to pay any additional covered expenses incurred to repair or replace up to the policy limits. *Id.* BOA has not alleged or provided any evidence showing that it has repaired the property "with similar construction and for the same use." It is, therefore, only entitled to the actual value of the property at the time of loss.

State Farm argues that BOA has already recovered the actual value of the property. It contends that the property was worth no more than $2,062,000.00 pursuant to two prior appraisals. State Farm paid BOA $1,670,706.60 and BOA then sold the home for $968,000.00, which is $500,000.00 more than the appraisal value of the home. State Farm asserts that the funds BOA received from the sale of the home should be credited against what it owes BOA. However, State Farm fails to point to a section of the policy entitling it to offset its agreement to pay the actual cash value at the time of loss against the amount BOA later received from the sale of the home. If State Farm paid the entire replacement cost, BOA would still be entitled to sell the property after it was restored. State Farm instead identifies *Abington Sav. Bank v. Rock*, a case from the Appeals Court of Massachusetts, as instructive. 32 Mass. App. Ct. 23 (1992). Notwithstanding the fact that the case is not binding, the facts are distinguishable. In *Abington*, the bank sought the difference between the actual cash value and the mortgage loan. The Court of Appeals of Massachusetts found that the bank was only entitled to the actual value because "[a] lienholder's insurable interest is not greater than the security to which it attaches." 32 Mass. App. Ct. at 25.

Here, BOA argues that it is entitled to the proof of loss or what the property was appraised for at the time of loss. Under the policy of insurance, State Farm is liable to BOA for the actual cash value of the property at the time of loss without offset.

The next issue the Court must consider is whether this matter should be submitted for appraisal. State Farm argues that BOA's claim should not go to the appraisal board because BOA waited more than two years after the loss to submit its claim. State Farm asserts that it has been prejudiced because the home is now sold and cannot be appraised. Pursuant to M.C.L. § 500.2006(3), State Farm is required to provide "in writing the materials that constitute a satisfactory proof of loss not later than 30 days after receipt of a claim . . . ." Once proof of loss is submitted, the claim must be paid within 60 days. *Id.* Failure to do so would expose State Farm to a penalty interest of 12 percent. M.C.L. § 500.2006(4).

BOA argues that State Farm did not provide timely payment of the proof of loss. It contends that Thankachen submitted the proof of loss, which State Farm denied on January 12, 2010. It claims that State Farm did not pay the claim or indicate what was deficient with the appraisal or give BOA a proof of loss form. Rather it paid BOA based on its own appraiser without indicating how BOA's appraisal was deficient.

State Farm argues that the matter cannot be sent for appraisal because the property was left vacant for more than 30 consecutive days and vandalized. It asserts that these damages are excluded by the policy and must be separated by the appraiser. State Farm's arguments go to the value of the appraisal and not the extent of coverage.

The Court notes that issues of value are properly before the appraisal panel. *See Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich. App. 482, 487 (1991) ("We conclude that the issue of coverage is for the court, not the appraisers. . . . Where the parties cannot agree on coverage, a

court is to determine coverage in a declaratory action before an appraisal of the damage to the property.").[4] However, BOA's alleged delay in submitting proof of loss and State Farm's alleged failure to timely pay proof of loss may bear on State Farm's liability to BOA for the market value of the property at the time of loss. The Court will not decide this issue at this time. There is a question of fact as to whether State Farm satisfied the requirements of section 500.2006 and whether State Farm was prejudiced by BOA's delay. BOA has not received a copy of State Farm's claims file which would contain all proofs of loss submitted. The Court will refrain from deciding whether the matter should be submitted to an appraiser for the actual cash value until the close of discovery.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that State Farm Fire and Casualty Company's Motion for Judgment on the Pleadings and/or for Summary Judgment [Docket No. 6, filed December 22, 2011] is **DENIED IN PART**. State Farm is liable to Bank of America for the actual cash value of the property at the time of loss without offset. The issue of whether this matter should be submitted to an appraisal shall be briefed more fully at the close of discovery.

**IT IS SO ORDERED**.

                               S/Denise Page Hood
                                Denise Page Hood
                                United States District Judge

Dated:  September 30, 2012

---

[4] State Farm relies on *Bard Manufacturing, Inc. v. Bituminous Fire and Marine Ins., Co.*, to argue that BOA's delay in demanding an appraisal until after the property was vandalized and sold precludes the matter from going before an appraisal board. 849 F.2d 245 (6th Cir. 1988). The Court would note that the Sixth Circuit was interpreting a Tennessee policy of insurance. Michigan law governs here.

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager