UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.
    _____/

Case No. 2:11-CV-15266

HON. DENISE PAGE HOOD

**ORDER GRANTING DEFENDANT'S MOTION FOR
RECONSIDERATION RE ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY
JUDGMENT [#17]**

This matter involves an insurance contract. Now before the Court is Defendant's Motion for Reconsideration, dated October 19, 2012. For the reasons stated below, Defendant's Motion for Reconsideration is GRANTED.

**I.   BACKGROUND**

On November 7, 2011, mortgagee Bank of America, an additional named insured, filed a claim seeking the balance of proceeds payable by insurer State Farm under an insurance policy covering against water damage to mortgagor's house. On December 22, 2011, Defendant filed a Motion for Judgment on the Pleadings and/or

for Summary Judgment.  On September 30, 2012, the Court denied in part Defendant's Motion for Judgment on the Pleadings and/or for Summary Judgment, based on its finding that State Farm is liable to Bank of America for the actual cash value of the property at the time of loss without offset.

## II.   STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration within fourteen days after entry of judgment or order.  E.D. Mich. L.R. 7.1(h)(1).  No response or oral argument is allowed unless the Court orders otherwise.  E.D. Mich. L.R. 7(h)(2).  Pursuant to Rule 7.1(h)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  The standard of review to be employed by the Court when examining a motion for reconsideration is the "palpable defect" standard.  E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain."  *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).  The movant must show that (1) the court and the parties have been misled by a "palpable defect," and (2) correcting the defect will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).

## III.   ANALYSIS

Regarding the threshold issue of the total amount payable under the insurance policy, the parties agree that it is the market value of the property at the time of loss. The major issues remaining are (1) whether reappraisal is appropriate to re-determine that market value, and (2) whether that market value may be offset by the Plaintiff's bid amount at the sheriff's sale ("bid amount"), the amount for which the Plaintiff subsequently resold the property ("resale amount"), or some other amount. In its Order Denying in Part Defendant's Motion for Judgment on the Pleadings and/or for Summary Judgment, the Court postponed its decision regarding the issue of reappraisal and denied the motion with respect to the issue of setoff.

Regarding the issue of setoff, the Court was presented with the narrower issue of whether State Farm is entitled to offset the total amount payable under the policy by $968,000 i.e. the resale amount. State Farm did *not* present the argument that it is entitled to offset the total amount payable by $607,914.26 i.e. the bid amount. As the Court previously stated in its Order Denying in Part Defendant's Motion, State Farm fails to point to a section of the policy allowing it to offset the market value at the time of loss by the resale amount. The Court also noted that, regardless of any payment by State Farm pursuant to the policy, Bank of America would still be entitled to resell the property at a later time.

In its original motion, the two cases cited by the Defendant did not support the Defendant's argument. The Court in *Smith* clearly stated, "[W]hen the loss occurs before a foreclosure sale in which the mortgagee *purchases the property for a bid* which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds." *Smith v. Gen. Mortgage Corp.*, 402 Mich. 125, 127 (1978) (emphasis added). The court in *Heritage Federal Savings* clearly stated, "When [the mortgagee] foreclosed on the property and *purchased it for a price* in excess of the amount of the indebtedness, the debt was satisfied and the mortgagee's right to the proceeds terminated." *Heritage Fed. Sav. Bank v. Cincinnati Ins. Co.*, 180 Mich. App. 720, 726 (1989) (emphasis added). Neither case mentions the resale amount as a relevant factor.

The Court acknowledges the Defendant's present argument that State Farm is entitled to offset the total amount payable by the bid amount. However, whether this argument constitutes a "palpable defect" depends on whether the original issue presented for judgment on the pleadings and/or summary judgment was (1) the narrower issue of whether Defendant may offset the total amount payable by the resale amount (i.e. permissibility of setoff); or (2) the broader issue of whether setoff uses the resale amount, the bid amount, or some other amount (i.e. amount of setoff). In the former case, the Defendant would now be raising an entirely unrelated issue that

4

the Court cannot "reconsider" because the Plaintiff has had no opportunity to respond. However, in the latter case, the Court may reconsider its ruling because it was based on an oversight that misled the court and the parties.

The Court believes that the broader issue was originally at stake for a few reasons. First, the Defendant's argument was necessarily predicated on the position that setoff is generally appropriate. Second, the two cases that the Defendant offered in support of its argument state that the total amount payable should be offset by the bid amount. Third, the Plaintiff, in its response to the motion, argued that the amount of setoff is some other amount: the net amount recovered upon resale i.e. the resale amount less the bid amount. All three circumstances point to a disagreement regarding the amount of setoff and not the permissibility of setoff. Accordingly, the Court may reconsider its ruling. Regarding the first element of the palpable defect standard, it is obvious that the Defendant's choice of amount for setoff was a plain defect, when compared with the accompanying cases, *Smith* and *Heritage Federal Savings*.

Regarding the second element of the palpable defect standard, the palpable defect does not result in a different disposition of the overall case at this stage for two reasons. First, as previously stated in the Order Denying in Part Defendant's Motion, the total amount payable under the policy still depends on the unresolved issue of

reappraisal, which the Court has decided to address after discovery. If reappraisal is appropriate and results in a market value sufficiently higher than State Farm's appraisal, there will be an outstanding amount payable. The second reason that the palpable defect will not change the result at this stage is that the total amount payable depends, to a lesser extent, on another unresolved issue: characterization of the $200,000 advance payment as a mitigation or replacement-cost payment. If the $200,000 is deemed to be a mitigation payment, the total amount payable is to that extent still outstanding.

However, the palpable defect *does* result in a different outcome of the Defendant's Motion for Judgment on the Pleadings and/or for Summary Judgment because the Defendant's argument that the Plaintiff has been made whole depends on the unresolved issues just discussed, in addition to the now-resolved issue of setoff amount. And because the Motion for Reconsideration was narrowly drawn to the issue of setoff alone, the Court may clarify the Court's order without disturbing the other unresolved issue of reappraisal.

Therefore, the Court grants this Motion for Reconsideration to clarify its previous order. Defendant's Motion for Judgment on the Pleadings and/or for Summary Judgment shall be granted in part to reflect that State Farm is liable to Bank

of America for the market value of the property at the time of loss, offset by the amount bid by Bank of America at the sheriff's sale.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration **[Docket No. 17, filed on October 19, 2012]** is **GRANTED**. State Farm is liable to Bank of America for the actual cash value of the property at the time of loss, offset by the amount bid by Bank of America at the sheriff's sale.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 28, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager